UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

RAYMOND WELLS,

                        Plaintiff,

            -against-

Police Officer PAUL LAW, Shield No. 00512,
Police Officers JOHN and JANE DOES 1
through; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                   Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

*FILED*
*CLERK*
*2012 JUN -8 PM 3:00*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT*
*OF NEW YORK*

CV1 ? - 2894

SUMMONS ISSUED

BLOCK, J.

GOLD, M.J.

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Raymond Wells ("plaintiff" or "Mr. Wells") is a resident of the State of New York.

7.      Police Officer Paul Law, Shield No. 06512 ("Officer Law") is a New York City Police Officers who was acting under color of state law and in his capacity as a City law enforcement officer at all relevant times.  Officer Law is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  Officer Law is sued in his official and individual capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.  `    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

2

10.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.    At approximately 10:30 p.m. on December 10, 2010 Mr. Wells was lawfully operating his vehicle in the vicinity of W. 145th Street and St. Nicholas Avenue in New York, New York.

12.    Plaintiff, alone in the vehicle, was stopped at a NYPD DWI checkpoint.

13.    Plaintiff was forcibly pulled from his car by defendant officers.

14.    Surrounded by approximately 7-8 officers, defendants slammed plaintiff up against his car and further slammed his face against the windshield.

15.    One of the officers pulled out a baton and began to strike plaintiff in his legs.

16.    Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants handcuffed plaintiff and placed him under arrest.

17.    Plaintiff's handcuffs were excessively tight.

18.    Plaintiff was taken to the 28th Precinct.

19.    At approximately 1 a.m. on December 11, 2010, plaintiff was taken to the 30th Precinct.

20.    At approximately 6 a.m. on December 11, 2010, plaintiff was

transported to Bellevue Hospital where he received treatment for his injuries.

21.   At approximately 9 a.m., on December 11, 2010, plaintiff was taken to Manhattan Central Booking, where he was charged with Disorderly Conduct, Resisting Arrest and Obstruction of Governmental Administration.

22.   Defendant officers misrepresented to the New York County District Attorney's Office that plaintiff had committed the offenses of Disorderly Conduct, Resisting Arrest and Obstruction of Governmental Administration.

23.   The officers had not observed plaintiff engaged in unlawful activity or conduct.

24.   On the night of December 11, 2010 plaintiff was arraigned in New York County Criminal Court.

25.   Plaintiff was released on his own recognizance, close to 24 hours after his arrest.

26.   Plaintiff's criminal charges were ultimately dismissed.

27.   Plaintiff sustained injuries as a result of the incident, for which he sought treatment at Roosevelt Hospital on December 14, 2010.

28.   Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation and loss of reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

38.     As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40..    The individual defendants created false evidence against plaintiff.

41.     The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

42.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Unreasonable Force

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

50.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

 (a) Compensatory damages against all defendants, jointly and severally;

 (b) Punitive damages against the individual defendants, jointly and severally;

 (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

 (d) Such other and further relief as this Court deems just and proper.

DATED: June 6, 2012
    New York, New York

       HARVIS MARINELLI
       SALEEM & WRIGHT LLP

       Robert Marinelli
       305 Broadway, 14th Floor
       New York, New York 10007
       (212) 323-6880
       rmarinelli@hmswlaw.com

       *Attorney for plaintiff*